# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| JANET NEAL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| .vs | ) | No. 2:07-CV-197 |
| | ) | |
| EAST TENNESSEE STATE | ) | |
| UNIVERSITY, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion For Partial Dismissal filed by the defendant East Tennessee State University ("ETSU"), [Doc. 3]. Plaintiff seeks relief in her complaint for sex and gender discrimination under Title VII and Title IX of the Education Amendments of 1972, Equal Pay Act violations, disability discrimination under the Americans With Disabilities Act ("ADA") and Rehabilitation Act and gender discrimination under the Family and Medical Leave Act of 1993 ("FMLA"). ETSU's motion seeks dismissal of plaintiff's claims for money damages under Title I of the ADA and her FMLA claims on the basis of Eleventh Amendment sovereign immunity.

### I.  Applicable Legal Standard

The Federal Rules of Civil Procedure authorize dismissal of a complaint for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading 'shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Scheid v. Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting Fed. R. Civ. P. 8(a)).

When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Windsor v. Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983) (internal citations omitted). "Although this standard for rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a . . . complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436. (internal citations and quotations omitted) (emphasis in original).

**II. Analysis and Discussion**

ETSU is a state supported institution of higher learning located in Johnson City, Tennessee. Comp., ¶ 3. Plaintiff was employed from August 2003 until May 15,

2007 as an assistant professor in the Department of Management and Marketing in the College of Business Administration at ETSU. *Id.*, ¶¶ 2, 18. Plaintiff generally alleges a pervasive atmosphere of sex and disability discrimination in the hiring and firing policies and employment conditions in the College of Business Administration at ETSU.

The facts related to the motion pending before the Court are as follows. Plaintiff suffered a heart attack on February 17, 2006, requiring her hospitalization. During her hospitalization, she was diagnosed with esophageal cancer. Her illness necessitated continuing treatment and absence from work. While recovering, she was summoned by the chairman of the Department of Management and Marketing, Dr. Miller for a meeting, *Id.* ¶ 13. At the meeting, Dr. Miller informed the plaintiff that he was recommending that the plaintiff's tenure track position with ETSU be terminated and she was formally notified of the termination by letter from University President Paul Stanton on March 27, 2006, *Id.* ¶ 15, 18.

Plaintiff alleges that she was discriminatorily discharged from her position after her heart attack and diagnosis with cancer while on protected FMLA leave. She alleges that her termination was because of her health condition, that ETSU refused to accommodate her illnesses and terminated her because her health condition might require her to take additional medical leave in the future, in violation of the ADA and

3

FMLA.

As noted above, ETSU claims the State of Tennessee's Eleventh Amendment immunity from suit with respect to plaintiff's claim for monetary damages under Title I of the ADA and her claims under FMLA. The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." *U. S. Const. Amend. XII*. The driving force behind the Eleventh Amendment is the policy of protecting states' sovereign immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (stating Eleventh Amendment confirms the presupposition "each State is a sovereign entity in our federal system"); *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890) (invoking principal of sovereign immunity in holding Eleventh Amendment's jurisdictional bar extends beyond its literal words to also deprive federal courts of jurisdiction over causes of action brought against an unconsenting State by its own citizens).

Inherent in the nature of sovereignty is a state's immunity from suits by individuals without its consent. *See Seminole Tribe*, 517 U.S. at 54. Thus, states have almost complete control over whether, to what extent, and where they may be sued. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("the

4

ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in the federal court."). Unless a state has waived its immunity or Congress has validly abrogated the state's immunity, neither a state nor agencies acting under its control may be subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Thus, to determine whether the defendant is protected by sovereign immunity, the Court must answer two questions. "First, the Court must ask whether the defendants are agencies of the state to which sovereign immunity applies? Second, if immunity does apply, has this immunity been waived?" *Boyd v. Tennessee State University*, 848 F.Supp. 111, 113 (M.D. Tenn. 1994).

ETSU, a member institution of the Board of Regents, is a state agency covered by the state's grant of sovereign immunity. *Boyd*, 848 F.Supp. 113 ("There is no serious question that the defendants here, Tennessee State University ("TSU") and the Tennessee Board of Regents ("TBR"), are state agencies covered by the state's grant of sovereign immunity.") Members of Tennessee's university system are entitled to the state's Eleventh Amendment immunity. *See Henderson v. Southwest Tennessee Community College*, 282 F.Supp.2d 804, 807 (W.D. Tenn. 2003) (holding Southwest Tennessee Community College was entitled to the state's Eleventh Amendment immunity).

5

In her response, the plaintiff acknowledges ETSU's contention that the university is immune from money damage claims under the ADA and that her claim for money damages under the ADA is precluded by the Eleventh Amendment. Thus, to the extent plaintiff's complaint can be construed as seeking monetary damages under Title I of the ADA, ETSU's motion will be GRANTED.[1]

With respect to plaintiff's FMLA claim, the parties do not dispute that the complaint asserts only claims under the "self care" provisions of the FMLA. It is likewise undisputed by the parties that the Sixth Circuit Court of Appeals has held that the State of Tennessee and its agencies are not subject to suit under the self care provision of the FMLA. *Touvell v. Ohio Dept. of Mental Retardation and Developmental Disabilities*, 433 F.3d 392 (6th Cir. 2005). Plaintiff candidly acknowledges that she asserts an FMLA claim in her complaint only to preserve the issue since the United States Supreme Court has not yet directly addressed the issue addressed by the Sixth Circuit in *Touvell*. Since plaintiff's claim for monetary damages under the FMLA is barred by Eleventh Amendment sovereign immunity, that

---

[1] Although plaintiff concedes that ETSU is immune from suits for money damages under Title I of the ADA, her complaint does not appear to seek such damages. Her complaint does, however, seek "equitable relief under the Americans With Disabilities Act." As she correctly points out, sovereign immunity does not bar claims for injunctive relief under the ADA. *See Garrett*, 531 U.S. at 374, fn 9 (Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief . . .").

claim will likewise be DISMISSED. Although ETSU's motion seeks dismissal of plaintiff's ADA and FMLA claims in their entirety, the motion does not specifically address plaintiff's claims for equitable relief under either act. As noted above, the Supreme Court's holding in *Garrett* did not extend to equitable or injunctive relief. Given that ETSU has not addressed the issue of equitable relief in its motion, and cites no authority for its position that the ADA and FMLA claims should be dismissed in their entirety, defendant's motion for partial dismissal will be granted only to the extent that plaintiff seeks monetary damages but will be denied as to her claims for equitable relief.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
